UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Warren Picard

   v.                                  Civil No. 09-cv-271-SM

Hillsborough County Department
of Corrections Medical Department, et al.

**REPORT AND RECOMMENDATION**

Before the Court is Warren Picard's complaint, filed pursuant to 42 U.S.C. § 1983, alleging that his Eighth Amendment rights were violated during his incarceration at the Hillsborough County Department of Corrections ("HCDOC") when he was denied adequate medical care (document no. 1). The matter is before me for preliminary review to determine, among other things, whether the complaint states any claim upon which relief might be granted. See 28 U.S.C. § 1915A; United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2) (authorizing Magistrate Judge to conduct preliminary review of cases filed by prisoners).

Standard of Review

Under this Court's local rules, when an incarcerated person commences an action pro se and in forma pauperis, the Magistrate Judge conducts a preliminary review. LR 4.3(d)(2). In

conducting the preliminary review, the Court construes all of the factual assertions in the pro se pleadings liberally, however inartfully pleaded. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pro se pleadings liberally in favor of the pro se party). This review ensures that pro se pleadings are given fair and meaningful consideration.

The court conducting preliminary review must accept as true any inferences reasonably drawn from the plaintiff's factual assertions. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5-6 (1st Cir. 2005). The Court is not bound, however, to credit legal conclusions, labels, unsupportable conclusions, and naked assertions. See Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949 (2009); Centro Medico, 406 F.3d at 5-6; Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996)). "The policy behind affording pro se plaintiffs liberal interpretation is that if they present sufficient facts, the court may intuit the correct cause of action, even if it was imperfectly pled." Ahmed v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997); see also Castro v. United States, 540 U.S. 375, 381 (2003) (courts may construe pro se pleadings to avoid inappropriately stringent rules and unnecessary dismissals).

If the Court's construction of the facts, both asserted and implied, constitute well-pleaded factual allegations, a court should accept those allegations as true, and then determine whether the allegations "plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." Id. (internal quotations omitted). In making the determination of plausibility, the court will examine whether the allegations, as construed, have "'nudged'" the claims "'across the line from conceivable to plausible.'" Id. at 1951 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## Background

Warren Picard arrived at the HCDOC on November 30, 2008, weighing 202 pounds. Picard alleges that, as he is six feet tall and maintains an active lifestyle, 202 pounds is a healthy weight for him. Over the ensuing five and a half months, during which time he was continuously incarcerated at the HCDOC, Picard steadily lost weight. Picard's weight was down to 165 pounds by mid-May 2009. As a result, Picard states that he has suffered depression and embarrassment due to his appearance and the fact

that other inmates think he has AIDS or is a drug addict.  Picard has also experienced fatigue and a loss of energy due to the rapidity and extremity of his weight loss.

Picard states that he has a fast metabolism, and that the regular HCDOC diet, unsupplemented by an HCDOC doctor's order for additional food, is insufficient for him to maintain a healthy weight.  Picard asserts that when he was previously incarcerated at the HCDOC in 2005, the HCDOC doctor ordered him three additional meals as well as two protein shakes per day so that he could maintain a healthy weight.  Picard is not sure whether the current HCDOC medical staff is aware of the food-related accommodations the previous doctor made for him.

Picard complained to several nurses at the HCDOC Medical Department, named Tito, Liz, and Jan.  Picard also filed numerous request slips with the HCDOC Medical Department seeking help in addressing his weight loss.  Picard said that despite the nurses' knowledge of his weight loss, and his concerns and symptoms, they did nothing to address the problem and, instead, gave him a hard time about his frequent complaints and requests to be weighed.  In May 2009, Picard filed a grievance with HCDOC administration complaining about his weight loss and the failure of the HCDOC Medical Department to address his issues.

Discussion[1]

I.  Section 1983 Claims

Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. See 42 U.S.C. § 1983[2]; City of Okla. City v. Tuttle, 471 U.S. 808, 829 (1985); Wilson v. Town of Mendon, 294 F.3d 1, 6 (1st Cir. 2002). In order for a defendant to be held liable under § 1983, his or her conduct must have caused the alleged constitutional or statutory deprivation. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 692 (1978); Soto v. Flores, 103 F.3d 1056, 1061-62 (1st Cir. 1997). Here, Picard claims that defendant HCDOC employees are state actors, and that they violated his rights under the Eighth Amendment to the United

---

[1]The claims, as identified herein, will be considered to be the claims raised in the complaint for all purposes. If Picard disagrees with the claims as identified, he must do so by properly moving to amend his complaint.

[2]42 U.S.C. § 1983 provides that:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

States Constitution to adequate medical care and an adequate diet. Picard's claims, therefore, arise under § 1983.

II. Inadequate Medical Care

To assert a viable cause of action for constitutionally inadequate medical care, a prisoner must first allege that he has not been provided with adequate care for a serious medical need. See Farmer, 511 U.S. at 831; Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Estelle, 429 U.S. at 106. The prisoner must also allege that a responsible prison official was aware of his serious medical need or the facts from which such a need could be inferred, and still failed to provide treatment. See Estelle, 429 U.S. at 106.

"[A]dequate medical care" is treatment by qualified medical personnel who provide services that are of a quality acceptable when measured by prudent professional standards in the community, tailored to an inmate's particular medical needs, and that are based on medical considerations. See United States v. DeCologero, 821 F.2d 39, 42-43 (1st Cir. 1987). This does not mean that an inmate is entitled to the care of his or her choice, simply that the care must meet minimal standards of adequacy. See Feeney v. Corr. Med. Servs., 464 F.3d 158, 162 (1st Cir. 2006) ("When a plaintiff's allegations simply reflect a

disagreement on the appropriate course of treatment, such a dispute with an exercise of professional judgment may present a colorable claim of negligence, but it falls short of alleging a constitutional violation." (internal citations omitted)).  To state an Eighth Amendment claim, a prisoner must also allege facts sufficient to demonstrate that prison officials "have a 'sufficiently culpable state of mind.'  In prison conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety."  Farmer, 511 U.S. at 834 (internal citations omitted).  Deliberate indifference may be found where the medical care provided is "so clearly inadequate as to amount to a refusal to provide essential care."  Torraco v. Maloney, 923 F.2d 231, 234 (1st Cir. 1991).

A serious medical need is one that involves a substantial risk of serious harm if it is not adequately treated.  See Barrett v. Coplan, 292 F. Supp. 2d 281, 285 (D.N.H. 2003); Kosilek v. Maloney, 221 F. Supp. 2d 156, 180 (D. Mass. 2002) (citing Farmer, 511 U.S. at 835-47); see also Gaudreault v. Municipality of Salem, 923 F.2d 203, 208 (1st Cir. 1990) (defining a serious medical need as one "that has been diagnosed by a physician as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a

doctor's attention." (internal citations omitted)).

Picard alleges that he was denied adequate medical care for a serious medical need because he received no medical attention for his troubling weight loss pattern. Picard lost approximately 40% of his body weight in less than six months, causing him to experience fatigue and a loss of energy. Picard's allegations regarding his previous incarceration at the HCDOC suggest that a physician previously determined that the regular HCDOC diet was not adequate for him, given his size and metabolism. Picard states that his HCDOC medical records reflect the finding of that doctor that he required a diet supplemented by extra food and protein shakes. Picard alleges that HCDOC nurses Tito, Liz, and Jan, were aware of his weight loss and his health complaints and failed to attend to the weight loss. Picard claims that his numerous requests for assistance, as well as a grievance filed with the HCDOC administration, did not result in any treatment from the HCDOC Medical Department nurses or any relief from the HCDOC administration. Accordingly, I find that Picard has stated a claim for inadequate medical care against nurses Tito, Liz, and Jan.[3]

---

[3]Although I am authorizing suit against the nurse defendants currently identified only by their first names, Picard must obtain their full names in order to have service properly

III. <u>Supervisory Liability</u>

Superintendent O'Mara serves a supervisory function at the HCDOC. There is no supervisory liability in § 1983 actions based on a respondeat superior theory of liability. See <u>Bd. of County Comm'rs v. Brown</u>, 520 U.S. 397, 403 (1997); <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989). A defendant supervisor can be held liable "under a theory of deliberate indifference . . . 'only if it would be manifest to any reasonable official in that his conduct was very likely to violate an individual's constitutional rights.'" <u>Maldonado v. Fontanes</u>, 568 F.3d 263,

---

effected upon them. To this end, upon service of this action on the named defendant, James O'Mara, Picard can serve O'Mara with interrogatories to obtain the full names of the nurses pursuant to Fed. R. Civ. P. 33(a) which states in pertinent part:

> Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served or, if the party served is a public or private corporation or a partnership or association or governmental agency, by an officer or agent, who shall furnish such information as is available to the party.

Once the full names of the nurses are obtained, Picard may file a motion to amend his complaint to add those individuals as defendants to this action. Once the defendants are added to the action by name, the Clerks' office will then prepare the appropriate paperwork and forward it to the United States Marshal's office to effect service of those defendants in the manner directed in the Simultaneous Order.

275 (1st Cir. 2009) (quoting Pineda v. Toomey, 533 F.3d 50, 54 (1st Cir. 2008)). Defendant O'Mara is alleged to have been made aware of Picard's need for medical attention for his weight loss by virtue of the HCDOC grievance system and failed to take action to insure the adequacy of the medical care provided to Picard. I find that a reasonable official receiving a grievance from Picard complaining of his significant weight loss and the failure of the HCDOC Medical Department to address the problem, would know that the failure to address those issues and to provide Picard with adequate medical care at the HCDOC, would likely violate Picard's constitutional rights. See Maldonado, 568 F.3d at 275. Picard has alleged sufficient facts to assert a claim that O'Mara was aware of and failed to remedy a deprivation of adequate medical care for Picard's weight loss, and that O'Mara is liable for the violation of Picard's Eighth Amendment right to adequate medical care. In my Simultaneous Order, I will direct, therefore, that the inadequate medical care claim proceed against O'Mara.

Picard has listed the HCDOC's "Nurse Supervisor Jane Doe" as a defendant to this action. The complaint contains no factual allegations indicating that any nursing supervisor was in any way responsible for the constitutional harms alleged. Accordingly, I recommend that the Jane Doe Nurse Supervisor be dismissed from

this action.

IV. <u>Municipal Liability</u>

Picard names the HCDOC Medical Department as a defendant to this action. Municipalities and local government entities are "persons" within the meaning of § 1983. <u>See</u> <u>Monell</u>, 436 U.S. at 690. Under New Hampshire law, counties, such as Hillsborough, are considered local governmental units. <u>See</u> N.H. Rev. Stat. Ann. ("RSA") 507-B:1 (1997) (defining "governmental unit" as "any political subdivision within the state including any county, city, town . . ., but [not including] the state or any department or agency thereof."). In order to maintain an official capacity suit against Hillsborough County as a municipality under § 1983, the claim must be grounded upon an unconstitutional municipal custom or practice and two requirements must be met. "First, the custom or practice must be attributable to the municipality, i.e., it must be 'so well settled and widespread that the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice.'" <u>Miller v. Kennebec County</u>, 219 F.3d 8, 12 (1st Cir. 2000) (<u>quoting</u> <u>Bordanaro v. Mcleod</u>, 871 F.2d 1151, 1156 (1st Cir. 1989)). Second, the custom must have been the cause of and "the moving force" behind the deprivation of constitutional

rights.  Wood v. Hancock County Sheriff's Dep't, 354 F.3d 57, 64 (2003) (citing Miller, 219 F.3d at 12).

Picard has not asserted any facts that demonstrate that Hillsborough County engaged in a custom or policy of allowing or enabling employees of the HCDOC to violate Picard's rights in the manner described in his complaint.  I find, therefore, that Picard has not stated a claim against the HCDOC Medical Department and I recommend that the HCDOC Medical Department be dismissed from this action.

## Conclusion

For the foregoing reasons, I recommend that the Jane Doe Nurse Supervisor and the HCDOC Medical Department be dismissed from this action.  In my Simultaneous Order, I will direct service of the inadequate medical care and inadequate diet claims raised in the complaint on defendant James O'Mara, and will also direct the Clerk's Office to effect service on the nurses once Picard identifies them by name.  Any objections to this Report and Recommendation must be filed within ten days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See

Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

```
                              _____
                              James R. Muirhead
                              United States Magistrate Judge
```

Date:    November 20, 2009

cc:      Warren Picard, pro se

JM:jba